| 85 | 679 |
| 116 | 465 |
| 85 | 679 |
| 122 | 573 |
| 85 | 679 |
| 136 | 577 |

## Fox v. The Missouri Pacific Railway Company, Appellant.

**Railroads** : ACTION BY WIFE FOR DEATH OF HUSBAND : CONTRIBUTORY NEGLIGENCE. In an action by plaintiff against a railroad company for the killing of her husband at one of its crossings, by the alleged negligence of the company, a recovery cannot be had where the evidence shows that the deceased was not seen by the engineer in time to stop the train before reaching the crossing, but that the danger signal was given when the deceased was within a few feet of the crossing, which signal he disregarded, and went onto the crossing, and was killed. And it makes no difference in such case that the train was running at a greater rate of speed than that fixed by an ordinance of the city in which the accident occurred.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Smith & Krauthoff* for appellant.

*Silver & Brown* for respondent.

PER CURIAM.—This suit was brought by plaintiff to recover damages for the killing of her husband by the alleged negligence of defendant in operating its train. She recovered judgment in the circuit court, from which

the defendant has appealed, and assigns as the principal ground of error, the action of the court in refusing to instruct the jury that, under the evidence, the plaintiff could not recover. The evidence shows that the deceased was killed within the limits of Jefferson City, on a street crossing leading to the ferry across the Missouri river; that the train was being run at a greater rate of speed than that fixed by an ordinance of the said city; that the train could be seen by any one approaching the crossing for a distance of about six hundred feet; that when the deceased was seen by the engineer, at a distance of from one hundred and sixty to two hundred feet, approaching the crossing, and within a few feet of it, the danger signal was given, which deceased disregarded, went on the crossing in front of the engine, was struck and killed by it, which the evidence showed beyond question could not be checked in time to have prevented the accident, after the discovery of the danger to which deceased recklessly exposed himself, with full knowledge of the approach of the train, and rapid speed at which it was running. Under this state of facts the court erred in refusing to give the instruction asked, and for this error the judgment is hereby reversed.

Motion for re-hearing overruled.